UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE:<br><br>KIYA S CASH<br><br>      Debtor | Chapter 7<br>Case No. 25-14110-AMC |
| CAPITAL ONE AUTO FINANCE, A<br>DIVISION OF CAPITAL ONE, N.A.<br><br>      Movant<br><br>v.<br><br>KIYA S CASH<br>      (Debtor)<br><br>LYNN E. FELDMAN<br>      (Trustee)<br><br>      Respondents | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Capital One Auto Finance, a division of Capital One, N.A., a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2024 Nissan Rogue and states the following as grounds therefore:

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and

      11 U.S.C. § 362(d).  Upon information and belief, this matter is a core proceeding

      pursuant to 28 U.S.C. § 157(b)(2)(G).

2.      On October 9, 2025, the Debtor, above-named, filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the Eastern District of Pennsylvania.

3.      Capital One Auto Finance, a division of Capital One, N.A. (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2024 Nissan Rogue VIN No. 5N1BT3BB4RC739864 (the "Vehicle") pursuant to a Retail Installment Sale Contract - Simple Finance Charge (with Arbitration Provision) (the "Contract"), a retail installment contract between the Debtor and Faulkner Nissan Jenkintown (the "Seller"), entered into on August 30, 2024, whereby the Debtor agreed to pay a total of $57,327.84 in 72 monthly payments of $796.22 each in connection with the purchase of the Vehicle. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Capital One Auto Finance, a division of Capital One, N.A. and the latter is now the holder and owner of the same. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtor. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4.      Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5.      As of October 27, 2025, the net total balance due on the obligation to Creditor was $35,363.96.

6.      As of October 27, 2025, the Debtor is in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract as follows:

   a.   Post-petition contractual arrears are due in the amount of $2,786.77 for the months of June 29, 2025 through September 29, 2025;

b. The next contractual monthly payment of $796.22 is due was on November 29, 2025; and

c. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

7. That Creditor has ascertained that the clean retail value of the Vehicle is $26,825.00 based on J.D. Power Official Used Car Guide's estimated value of the Vehicle. A copy of the J.D. Power Official Used Car Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

8. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9. Upon information and belief, the Debtor continues to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Capital One Auto Finance, a division of Capital One, N.A. irreparable damage to its interests in same.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

WHEREFORE, the Creditor, Capital One Auto Finance, a division of Capital One, N.A., respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

a. Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

b.   For such other and further relief as the Court may deem just and proper.


Date: October 30, 2025

Respectfully Submitted,

*/s/Eliza Garifullina*_____
Eliza Garifullina, Esq. PA 336983
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Capital One Auto Finance, a
division of Capital One, N.A.
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: egarifullina@orlans.com
mbradford@orlans.com
File Number: 25-014105